The opinion of the court was delivered by
Huston, J.
John Eobison and James Whitehill, executors of John Whitehill, brought an action of debt not exceeding five hun *296 dred dollars, against Samuel A. Whitehill and John Wilson. A rule of reference'was entered by the plaintiff, and on whom it was served does not appear; but on the 14th of May, the day appointed, Samuel A. Whitehill appeared for himself and as agent for the other defendant; and he and the plaintiff chose arbitrators. The arbitrators met on the 31st of May,and another was substituted in the-place of an arbitrator who did not attend. The arbitrators were then sworn, and, at request of the. defendants, adjourned. There was another adjournment till the 1st of July, when they met and awarded to the plaintiff six hundred and forty-three dollars and fifty cents, and costs of suit.
To January, 1821, a fieri facias issued, which was returned debt, interest, and costs paid. On the 21st of November, 1821, James Whitehill acknowledges satisfaction on the.record. A writ of error issued to May term, 1824. The affidavit and bail are by Samuel A. Whitehill. At the issuing of this writ James White-hill, the. executor who received the money and entered satisfaction, was dead, as appears by the record.
It was slated; by the counsel on both sides, that, in fact, no money was paid; but that Samuel A. Whitehill and John Wilson gave a bond for the money, on which the sheriff, as directed, made the return above, and. James Whitehill entered satisfaction.
The-errors assigned were,
1. .Error in awarding six hundred1 and forty-three dollars and fifty cents, when the plaintiff, by his writ, declared his demand did not exceed five-hundred dollars. This court remitted the record to the court' below, that the sum of one hundred and forty-three dollars and fifty cents might be released. This was done, and the record returned. ■ .
2. The assignment is in these words: “The plaintiffs sue two; take a reference against both; serve the rules on one only; take an award against both: this is error. So it would be error if the award were against one o.nly.” 1 '
In the first place, there is nothing in the record expressly to show whether the rule was served on one, or both, or neither: it only appears that, on the day appointed to choose arbitrators, “ Samuel A. Whitehill, one of the defendants, appeared for himself and for- the other defendant.” ■ The arbitrators were chosen. The law says, “ Where both parties attend, either by themselves, or agents, or attorneys, the arbitrators shall be chosen, &c.” Now, this act throughout speaks of the appearing of both the plaintiff and defendant by agent. It is not, and never was necessary, either that the iyord agent should be written on the docket, or that the agent should produce or file his "authority, or even that it should be in writing. All that the law requires-has been done here, and appears on .the docket.
I do not say a man will be for ever concluded by the act of a person who, without authority, acts for him in choosing arbitrators; *297 but I do say, that if' he -afterwards pays the debt, or compromises and secures it, without complaint, and lies by three years until the plaintiff is dead, he will never succeed, and-never ought to succeed, in reversing a judgment, because his agent’s authority was not fried; and that too where he never even ventured to make his own affidavit that he never authorized the agent to act for him. .But I do not put it upon that ground: he appeared and chose for him; and until his authority to do so is impugned, 1 would take' it, he was a good agent throughout. The Common Pleas would have relieved at, once on application: where that is not made, it is .not, under the circumstances of this case, any ground to reverse.
3. The third' error, that no notice of time and place of meeting of arbitrators was given to Wilson, nor did he attend,- is not supported by the record. The arbitrators state expressly, that the first adjournment was on request of the defendants. There are two other errors assigned as to the execution. This is not before this court; and if it was, there is nothing in the matters alleged,
Writs of error were intended to correct errors which really injured a party. They may be waived, of what would have been error may be waived by the conduct of the party. . Wherever a matter of form which affected the party is of such a kind, that, if true in fact, redress must have been obtained at..once by application to the Court of Common Pleas; where no complaint was ever made to that court; where money is collected or’ paid, and no allegation against, it would, be strange if, three or four years after, we should reverse, because every thing does not appear in the most precise form in all previous stages.-
Judgment affirmed.